### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| PHELON DAVIS, | : | |
| | : | 18 U.S.C. § 2314 (Interstate |
| Defendant. | : | Transportation of Stolen Property) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c) |
| | : | |

### INFORMATION

The United States Attorney hereby informs the Court that:

### COUNT ONE

Between on or about October 2014 through on or about December 2016, in the District of Columbia and elsewhere, in a continuing course of conduct, the defendant, **PHELON DAVIS**, transported, transmitted, and transferred in interstate commerce and caused to be transported, transmitted, and transferred in interstate commerce, stolen goods and money valued at over $5,000, to wit, ATM withdrawals totaling $185,440, knowing the same to have been stolen, converted, and taken by fraud from Customer A's bank accounts.

**(Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Section 2314)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The property subject to forfeiture includes a $6,000 Navy Federal Credit Union cashier's check

number 0440677280 seized on March 3, 2017. The United States will also seek a forfeiture money judgment against the defendant in the amount of $185,440.

    2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: /s/ Kondi J. Kleinman
Kondi J. Kleinman
Assistant United States Attorney
California Bar No. 241277
555 4th Street, NW, Rm. 5245
Washington, D.C. 20530
(202) 252-6887
kondi.kleinman2@usdoj.gov